IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. WILLIAMS, <br> No. 27129, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN HECK, and <br> ARLEY FOSTER, <br><br> Defendants.[1] | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16-cv-00217-NJR <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James C. Williams is an inmate currently housed in the Madison County Jail. He is seeking redress for "cruel and unusual punishment" and "excessive force" exerted by Jail guards when he was removed from his cell on September 6, 2015. Plaintiff initially filed this case in the Circuit Court for Madison County, Illinois. Defendants John Heck and Arley Foster correctly perceived that all claims fall under the ambit of 42 U.S.C. § 1983, and removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, 1446.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

---

[1] The Clerk of Court shall have the record properly reflect that John Heck and Arley Foster are the only named defendants. "Madison County Jail Employees" is a descriptor, not a party.

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the complaint, Plaintiff had been placed in a segregation wing of the Jail at his own request—"due to my own safety and because I was fighting for custody of my kids with filing motions and needed solitary of minimal distractions." (Doc. 1-1, p. 2). On September 6, Plaintiff had taken his evening dose of the antidepressant Sinequan, which put him into a deep sleep. He was awakened by C/O Walker (who is not a defendant) and told that he was being moved out of segregation to a general cellblock. Plaintiff explained that he was in segregation at his own request, but he was not argumentative or combative. Walker was not receptive; he declared that Plaintiff was moving and should pack his belongings. Walker then left.

C/O Walker returned to Plaintiff's cell, accompanied by Defendant C/O Heck. Plaintiff, Walker, and Heck went down the hall to speak with Sergeant Foster. Walker and Heck questioned why Plaintiff did not want to move, called him names, and used profanity. Defendant Foster stated that Plaintiff did not need to worry about his children because he was always in jail. Sergeant Foster and C/O Heck continued to "taunt and humiliate" Plaintiff. Feeling threatened, Plaintiff asked to be placed in segregation or "the hole." Although Plaintiff was not being aggressive, C/O Heck threatened to mace him if he did not go to his new cellblock.

Plaintiff started to walk up the hall; after three or four steps Foster and Heck ran up behind him, twisted and pulled Plaintiff's arms behind his back, lifting Plaintiff off his feet. As a result, Plaintiff injured his neck and shoulder.

Plaintiff was placed in an "attorney booth" in an attempt to talk him into willingly going to the general cellblock. Plaintiff again asked to be placed in segregation or a solitary cell. C/O Heck again responded with profanity and slammed the cell door. Approximately one hour later, Plaintiff was moved to a segregation cell, where he remained for three days before being moved back to his original segregation cell.

Plaintiff seeks punitive damages from Heck and Foster for intimidation, threats, and assault. He also seeks an "order of protection," which the Court construes as injunctive relief.[2]

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations as a single, overarching claim.

> **Count 1:   Defendants Heck and Foster threatened and intimidated Plaintiff, and used excessive force, all in violation of the Eighth Amendment.**

The Court does not perceive a claim related to Plaintiff's repeated requests to be placed in segregation or some sort of solitary cell. Plaintiff was placed in a segregation cell within an hour or so of his altercation with Heck and Foster. Moreover, the complaint does not suggest that Plaintiff was in segregation for true safety reasons; rather, he wanted a quieter environment to work on his custody case. Although Plaintiff states he felt threatened and intimidated by Foster and Heck, his subsequent requests for placement in segregation do not appear to have been based on a desire to be away from Foster and Heck. Any intended claim regarding placement in segregation should be considered dismissed without prejudice.

---

[2] If Plaintiff seeks a preliminary injunction, he must file a motion.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). When prison officials are accused of using excessive force against an inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)). The allegations that C/O Heck and Sergeant Foster twisted and pulled Plaintiff's arms behind his back and lifted him off his feet are sufficient to state an Eighth Amendment claim.

The allegations that Heck and Foster called Plaintiff names, used profanity, and taunted and humiliated Plaintiff, as pleaded, are insufficient to state an Eighth Amendment claim. Verbal abuse of a prisoner, such as "threatening or angry looks, mutterings and screamed profanities" is generally not actionable under Section 1983. *Moore v. The Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1350 (7th Cir. 1985). Those aspects of Count 1 are dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the aspects of **COUNT 1** regarding name-calling, profanity, taunting and humiliation are **DISMISSED without prejudice**; the excessive force aspects of **COUNT 1** shall **PROCEED**.

Defendants' motion for an extension of time to answer or otherwise respond to the complaint (Doc. 6) is **GRANTED**. On or before **April 15, 2016**, Defendants shall file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to

42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 25, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**