IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES C. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-217-JPG-DGW |
| | ) | |
| MADISON COUNTY JAIL EMPLOYEES, | ) | |
| JOHN HECK, and ARLEY FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Defendants on October 6, 2016 (Doc. 13).  The Motion is **DENIED**.

On October 21, 2015, Plaintiff filed a Complaint in the Madison County Circuit Court. Defendants removed this matter on February 29, 2016.  In doing so, counsel for Defendants certified that the notice was served upon Plaintiff at the Madison County Jail, his address at the time.  Defendants' Motion to Compel also is certified as having been served upon Plaintiff at the Madison County Jail (where Defendants also sent a letter on August 24, 2016 seeking compliance).  Since this matter was removed, however, all documents mailed to Plaintiff (at the Madison County Jail) by the Clerk of Court have been returned as undeliverable (Docs. 7, 9, and 12).  On at least one of the returned envelopes, the word "out" is listed as the reason why the mail is undeliverable.

A quick search of the Illinois Department of Corrections' webpage (using Plaintiff's name, which is common, and his birthdate, listed on the state court complaint) reveals that Plaintiff was transferred to the Big Muddy River Correctional Center on December 17, 2015.

https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited November 3, 2016). Hence, any mail sent to Plaintiff at the Madison County Jail would have been returned as undeliverable since that date. Therefore, defense counsel should have received back mail, as undeliverable, on at least 8 occasions by the Court's count.[1] And yet, defense counsel, *in none of the filings to date*, has indicated to the Court that Plaintiff is not located at the Madison County Jail. This is information that counsel should be privy to because she represents Madison County, and jail employees in particular, in a number of matters pending before the Court. Either the omission is inadvertent – perhaps counsel has not received undeliverable mail notifications; or the omission is the result of neglect. Either way, counsel should have taken the time to try to determine where Plaintiff was housed after he left the Madison County Jail on December 17, 2015, as those prisoners most frequently are sentenced to an institution within the Illinois Department of Corrections. While Plaintiff also is obliged to ensure that the state court had his current contact information and has not apparently discovered that this matter has been removed, such information could have been easily acquired by counsel and would have resulted in the timely service of documents by the Clerk of Court.

Now, in order to move these proceedings along, Defendants are **DIRECTED** to confirm that James Williams, incarcerated at the Big Muddy River Correctional Center under inmate number B27458, is the same person as the James C. Williams, who filed the October 21, 2015 Complaint in state court. If they are one-and-the-same, Defendants shall serve upon Plaintiff, *at his current address*, all of the documents that they have filed in this case along with a copy of this Order. Defendants shall notify the Court of the same by **November 22, 2016** and provide

---

[1] Those 8 items being the Notice of Removal (Doc. 1), the Notice of Filing (Doc. 2), the Notice of Appearance (Doc. 5), the Motion for Extension of Time (Doc. 6), the Answer (Doc. 10), the discovery requests (Doc. 13-1), the August 24, 2016 letter (Doc. 13-2), and the Motion to Compel (Doc. 13).

Plaintiff's current address**.** Thereafter, the Clerk of Court shall mail to Plaintiff a copy of the docket sheet and the Orders and other documents entered by the Court. At this point, it would be futile to mail or transmit a copy of this Order to Plaintiff's listed address at the Madison County Jail. The Clerk, therefore, is **DIRECTED** to stay mailing of this Order to Plaintiff until Defendants file the notice or until directed to do so by the Court.

On a final note, the Court is concerned that Plaintiff was not timely notified of the removal of this action as required by 28 U.S.C. § 1446(d). *See Khan v. Bank of America Home Loan Servicing L.P.*, 2012 WL 1495592, *2 (D. N.J. 2012) (noting that "a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff."); *See also Arnold v CSX Hotels, Inc.*, 212 F.Supp.2d 634 (S.D. W.Va. 2002); *L & O Partnership No. 2 v. Aetna Cas. And Sur. Co.*, 761 F.Supp. 549 (N.D. Ill. 1991). That issue, if it is indeed an issue, is best resolved by the District Court.

**DATED: November 10, 2016**

                                                                                    **DONALD G. WILKERSON**
                                                                                    **United States Magistrate Judge**